UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| (CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | Civil Action No. 5:21-00367 |
| WARDEN, FCI Beckley, ) ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1); (2) Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2); and (3) Petitioner's "Motion for Emergency Preliminary Injunction or Temporary Restraining Order" (Document No. 3).[1] By Order entered on October 12, 2021, this matter was transferred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.)

## FACTUAL AND PROCEDURAL HISTORY

On June 25, 2021, Petitioner filed his Section 2241 Petition. (Document No. 1.) First, Petitioner argues that he is "actually innocent" of the disciplinary action charging him with possession of contraband. (Id., pp. 6 – 7.) Petitioner contends that he was in possession of tobacco, which is permissible under BOP policy as a "native religious herb." (Id.) Petitioner further alleges that the instituting of the above disciplinary action was in violation of Petitioner's

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"Religious Freedom Rights, the RLUIPA, & RFRA." (Id.) Second, Petitioner complains that the telephone and email sanctions were improperly imposed due to his disciplinary conviction. (Id., p. 7.) Petitioner argues that "due to the COVID-19 pandemic all inmate phone calls are free and phone restrictions and email restrictions have been removed." (Id.) Petitioner contends that "it violates the COVID-19 Pandemic Relief Act to impose phone and email restrictions" concerning "an incident that had no phone or email relation." (Id.) Third, Petitioner argues that the Disciplinary Hearing Officer ("DHO") lacked authority to impose a sanction on Petitioner. (Id.) Petitioner alleges that staff deliberately and erroneously "wrote the charge up as a 200 Level" violation to get it to a DHO. (Id.) Petitioner contends that since his charge was not a 200 Level violation, the DHO lacked authority to sanction Petitioner. (Id.) Finally, Petitioner complains that the "search resulting in the disciplinary action was clearly retaliatory and unconstitutional." (Id., p. 8.) Petitioner alleges that FCI Beckley staff are retaliating against Petitioner for his "complaints & suits." (Id.) As relief, Petitioner requests the following: (1) The Incident Report and sanctions be expunged; (2) An injunction to prevent further retaliatory searches and disciplinary actions; (3) An injunction to prevent future violations of Petitioner's Native American Religious rights; (4) An "injunction to stop staff from smoking and chewing tobacco all around the institution, if not for religious approved purposes." (Id.)

In his "Motion for Emergency Preliminary Injunction or Temporary Restraining Order," Petitioner argues that he is "suffering religious discrimination and retaliation by FCI Beckley staff for [his] filing of Complaints." (Document No. 3.) In support, Petitioner repeats the same claims as asserted in his Section 2241 Petition. (Id.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint or petition is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint or petition is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint or petition therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Petitioner's allegations in view of applicable law.

## DISCUSSION

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court finds that Petitioner claims are not cognizable under Section 2241 because he is challenging the conditions of his confinement. A Section 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir.

2004). "If a prisoner seeks a 'quantum change' in his level of custody such as freedom, his remedy is habeas corpus." Campbell v. Deboo, 2011 WL 1694454, * 2 (N.D.W.Va. May 4, 2011). If a prisoner, however, "seeks a different program, location, or environment, his challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law." Id.; also see Biedrzycki v. O'Brien, 2011 WL 6748505 (N.D.W.Va. Oct. 14, 2011)(dismissing petitioner's Section 2241 claim where petitioner was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence").

In the instant case, Petitioner challenges the validity of his disciplinary conviction. In support, Petitioner contends that his disciplinary charge was the result of the following: (1) A violation his religious rights under the First Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA");[2] (2) A violation of his due process rights under the Fourth Amendment because the DHO lacked authority to sanction Petitioner to the loss of telephone and email privileges; (3) A violation of his due process rights under the Fourth Amendment because correctional officers are improperly searching his cell; and (4) A violation of his First Amendment rights because correctional officers are retaliating against Petitioner for filing Complaints. Thus, the factual allegations contained in Petitioner's Petition and Motion do not raise an issue that affects the duration of his confinement. There is no allegation or indication of a loss of good time credit. Instead, Petitioner complains that correctional officers are violating his constitutional rights. A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional

---

[2] RLUIPA is the "state-prison analog" to the RFRA. *Godbey v. Wilson*, 2014 WL 794274, * 4 (E.D.Va. Feb. 26, 2014). Thus, RLUIPA does not apply to federal actors.

rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Thus, a Section 2241 petition is an improper avenue in which to assert the above constitutional violations. See Reid v. Antonelli, 2018 WL 2770167, * 1 – 2 (D.S.C. May 22, 2018)(dismissing petitioner's Section 2241 petition challenging his disciplinary infraction where such only resulted in a loss of commissary privileges); Rivernider v. Joyner, 2018 WL 4560716, fn. 2 (D.S.C. Jan. 17, 2018)(dismissing petitioner's claims concerning the conditions of his confinement to the extent such claims were asserted in his Section 2241 action); Roudabush v. Warden, 2018 WL 3979858, * 1 (D.S.C. July 18, 2018)(finding a Section 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); Hargrove v. Masters, 2017 WL 712758 * 2 (S.D.W.Va. Feb. 23, 2017)(J. Faber)(finding that petitioner's challenge to his conditions of confinement was properly construed as a Bivens action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action…'"); Crooker v. Stewart, 2015 WL 1210209, * 3 (D.Md. March 13, 2015)(finding that alleged violations of the Eighth Amendment should be addressed by a Bivens or Section 1983 action, not in a Section 2241 petition). Therefore, the allegations asserted in Petitioner's Petition and Motion are properly asserted in a Bivens action. The undersigned, therefore, respectfully recommends that Petitioner's Section 2241 Petition be dismissed as the claims asserted therein are not cognizable under Section 2241 and his "Motion for Emergency Preliminary Injunction or Temporary Restraining Order" be denied.[3]

---

[3] Petitioner has initiated seven *Bivens* actions challenging the conditions of his confinement. The undersigned has entered Proposed Findings and Recommendations that four of the *Bivens* actions filed by Petitioner be dismissed based upon the three-strikes rules. *See* Case Nos. 5:21-00091, 5:21-00209, 5:21-00210; 5:21-00270. In the other three *Bivens* cases, United States District Judge Thomas E. Johnston has dismissed each based upon the three-strikes rule. *See* Case Nos. 5:21-00354, 5:21-00373, 5:21-00395.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1) and "Motion for Emergency Preliminary Injunction or Temporary Restraining Order" (Document No. 3), **DISMISS** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155

---

Petitioner is clearly trying to circumvent the three-strikes rule of 28 U.S.C. § 1915(g) by filing the above Section 2241 Petition. The allegations contained in the instant Petition are nearly identical to the allegations asserted in Civil Action No. 5:21-00395, which was dismissed by District Judge Johnston. The undersigned further notes that Petitioner has filed three Section 2241 actions. *See* Case Nos. 5:21-00367, 5:21-00387, and 5:21-00492.

(1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 21, 2021.

Omar J. Aboulhosn
United States Magistrate Judge