# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **OWL FEATHER-GORBEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 5:21-00492 |
| | ) |
| **WARDEN,** | ) |
| | ) |
| Respondent. | ) |

## ORDER TO SHOW CAUSE

Petitioner has a history of filing vexatious, duplicative, and legally frivolous complaints and habeas petitions within this Court and other courts nationwide. See Case No. 5:21-00209, Document No. 24.) Since March 26, 2021, Petitioner has initiated seven Bivens actions and three improper Section 2241 actions with this Court. See Case Nos. 5:21-00091, 5:21-00209, 5:21-00210, 5:21-00270, 5:21-00354, 5:21-00367, 5:21-00373; 5:21-00387, 5:21-00395, and 5:21-00492. The foregoing cases encompass duplicative and repeated allegations against staff at FCI Beckley, many of whom are against the same named defendants. On July 23, 2021, United States District Judge Thomas E. Johnston warned "Plaintiff that continuing to file frivolous malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction." See Case No. 5:21-00395, Document No. 4, p. 7. On September 2, 2021, Petitioner attempted to circumvent the three-strikes rule of 28 U.S.C. § 1915(g) by filing the above Section 2241 Petition challenging the conditions of his confinement.[1]

---

[1] Petitioner has initiated seven *Bivens* actions challenging the conditions of his confinement. The undersigned has entered Proposed Findings and Recommendations that four of the *Bivens* actions filed by Petitioner be dismissed based upon the three-strikes rules. *See* Case Nos. 5:21-00091, 5:21-00209, 5:21-00210; 5:21-00270. In the other three *Bivens* cases, United States District Judge Thomas E. Johnston has dismissed each based upon the three-strikes rule. *See* Case Nos. 5:21-

The All Writs Act permits a federal court to restrict access to the courts where it is shown that a litigant is abusing that right through the repeated filings of vexatious and malicious complaints. Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817 (4th Cir. 2004); See 28 U.S.C. § 1651(a) (2012). Courts have the inherent power to control the judicial process and to redress conduct that abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001)(citation omitted). There is no exception for *pro se* litigants. The restriction on a *pro se* litigant's free access to the courts, however, should be approached cautiously and restrictions imposed only if "exigent circumstance" exists, such as continuous abuse of the judicial process by filing meritless and repeated actions. Cromer, 390 F.3d at 818. The Fourth Circuit has determined that when a court is determining whether a pre-filing injunction is substantively warranted, a court must weight all the relevant circumstance, including the following:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. Additionally, a court must give a litigant notice and the right to respond before entering a pre-filing injunction. Id. at 819-20.

Accordingly, Petitioner is **NOTIFIED** that this Court is inclined to issue a pre-filing injunction against Petitioner and Petitioner is directed to show cause why such an injunction should not be issued. Petitioner shall file his Response to this Order to Show Cause by **November 22, 2021**, stating the reasons why this Court should not issue a pre-filing injunction to enjoin him from instituting new filings wherein Petitioner alleges that staff at FCI Beckley are violating the following: (1) Petitioner's Eighth Amendment rights by subjecting him to "gang rule," "gang

---

00354, 5:21-00373, 5:21-00395.

control," verbal harassment, and intimidation; (2) Petitioner's Eighth Amendment rights by denying him proper medical treatment for his glaucoma, a lower bunk pass, and prosthetic left ankle brace, right knee brace, right wrist brace and medical shoes; (3) Petitioner's First Amendment rights by denying him assess to the administrative remedy process, writing materials, and postage; (4) Petitioner's "religious rights" as a Native American under the First Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); (5) Petitioner's due process rights under the Fourth Amendment by improperly searching his cell, subjecting him to pat downs, and filing "bogus" disciplinary charges resulting in the loss of prison privileges; (6) Petitioner's First Amendment rights by retaliating against him for filing grievances and Complaints; and (7) Petitioner's "rights" by allowing staff to use tobacco products on prison premises for non-religious reasons. Petitioner is advised that failure to respond by November 22, 2021, will result in the issuance of the pre-filing injunction.

The Clerk is requested to send a copy of this Order to Petitioner, who is acting *pro se*, and to the United States Attorney's Office for the Southern District of West Virginia.

ENTER: October 21, 2021.

Omar J. Aboulhosn
United States Magistrate Judge