UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| OWL FEATHER-GORBEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Nos. 5:21-00367 |
| | ) | 5:21-00387 |
| WARDEN, | ) | 5:21-00492 |
| | ) | |
| Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the sole issue of whether the issuance of a pre-filing injunction against Petitioner is warranted based upon the Court's dismissal orders in Civil Action Nos. 5:21-cv-00354, 5:21-cv-00373, and 5:21-cv-00395. By Order entered on October 21, 2021, the undersigned directed Petitioner to show cause by November 22, 2021, why a pre-filing injunction was not warranted. (Civil Action No. 5:21-00492, Document No. 7.) Petitioner has not filed a response to the undersigned's Order to Show Cause. For the reasons explained below, the undersigned respectfully recommends that a pre-filing injunction be entered against Petitioner.

## DISCUSSION

The All Writs Act permits a federal court to restrict access to the courts where it is shown that a litigant is abusing that right through the repeated filings of vexatious and malicious complaints. Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817 (4th Cir. 2004); See 28 U.S.C. § 1651(a) (2012). Courts have the inherent power to control the judicial process and to redress conduct that abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001)(citation omitted). There is no exception for *pro se* litigants. The restriction on a *pro se* litigant's free access to the courts, however, should be approached cautiously and restrictions

imposed only if "exigent circumstance" exists, such as continuous abuse of the judicial process by filing meritless and repeated actions. Cromer, 390 F.3d at 818. The Fourth Circuit has determined that when a court is determining whether a pre-filing injunction is substantively warranted, a court must weigh all the relevant circumstance, including the following:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. Additionally, a court must give a litigant notice and the right to respond before entering a pre-filing injunction. Id. at 819-20. By Order entered on October 21, 2021, the undersigned directed Petitioner to show cause by November 22, 2021, why a pre-filing injunction was not warranted. (Civil Action No. 5:21-00492, Document No. 7.) Petitioner has not filed a response to the undersigned's Order to Show Cause. Accordingly, the undersigned will now consider the Cromer factors.

First, the undersigned finds that Petitioner has a history of filing vexatious, duplicative, and legally frivolous complaints and *habeas* petitions within this Court and other courts nationwide. See Case No. 5:21-00209, Document No. 24. Since March 26, 2021, Petitioner has initiated eight Bivens actions and three improper Section 2241 actions with this Court. See Case Nos. 5:21-00091, 5:21-00209, 5:21-00210, 5:21-00270, 5:21-00354, 5:21-00367, 5:21-00373; 5:21-00387, 5:21-00395, 5:21-00492, and 5:21-00593. The foregoing cases encompass duplicative and repeated allegations against staff at FCI Beckley, many of whom are against the same named defendants. On July 23, 2021, United States District Judge Thomas E. Johnston warned "Plaintiff that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction." See Case No. 5:21-00395, Document No. 4, p. 7.

Subsequently, Petitioner attempted to circumvent the three-strikes rule of 28 U.S.C. § 1915(g) by filing three separate Section 2241 Petitions improperly challenging the conditions of his confinement. See Case Nos. 5:21-cv-00367, 5:21-cv-00387, and 5:21-cv-00492. Accordingly, the first Cromer factor weighs in favor of the imposition of a pre-filing injunction upon Petitioner.

Second, Petitioner does not have a "good faith basis for pursuing the litigation." Despite repeated dismissals, Petitioner continuously initiates new actions asserting the same claims. The undersigned finds that Petitioner has no good faith basis for pursuing the litigation, which merely repeats claims that have already been dismissed. Accordingly, the second Cromer factor weighs in favor of the imposition of a pre-filing injunction.

Third, Petitioner's filings significantly burden this Court. In less than eight months, Petitioner has initiated twelve actions. Significantly, Petitioner initiated nine actions in this district in a four-month period. See Civil Actions Nos. 5:21-00091, 5:21-00209, 5:21-00210; 5:21-00270, 5:21-00354, 5:21-00367, 5:21-00373, 5:21-00387, 5:21-00395. Such practices by litigants strain the limited resources of the court system. The undersigned finds that the limited resources of this Court should not be further spent dealing with any future frivolous lawsuits by Petitioner against Government officials and staff of FCI Beckley regarding the alleged violation of the following: (1) Petitioner's Eighth Amendment rights by subjecting him to "gang rule," "gang control," verbal harassment, and intimidation; (2) Petitioner's Eighth Amendment rights by denying him proper medical treatment for his glaucoma, a lower bunk pass, and prosthetic left ankle brace, right knee brace, right wrist brace and medical shoes; (3) Petitioner's First Amendment rights by denying him assess to the administrative remedy process, writing materials, and postage; (4) Petitioner's "religious rights" as a Native American under the First Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Religious Land Use and Institutionalized Persons Act

("RLUIPA"); (5) Petitioner's due process rights under the Fourth Amendment by improperly searching his cell, subjecting him to pat downs, and filing "bogus" disciplinary charges resulting in the loss of prison privileges; (6) Petitioner's First Amendment rights by retaliating against him for filing grievances and Complaints; and (7) Petitioner's "rights" by allowing staff to use tobacco products on prison premises for non-religious reasons. Therefore, the third Cromer factor weighs in favor of the imposition of a pre-filing injunction.

Fourth, alternative sanctions against Petitioner are inadequate. Petitioner has not accepted the finality of this Court's earlier decisions regarding the foregoing claims. Further, Petitioner has not heeded Chief Judge Johnston's warning that a pre-filing injunction would be issued if Petitioner continued his abusive, malicious, frivolous, and vexatious filings. See Case No. 5:21-00395, Document No. 4, p. 7. The Court notes that Petitioner has filed IFP applications in all of his actions thereby exhibiting his lack of funds. Thus, Petitioner clearly lacks funds to enable him to pay any monetary fine as an alternative sanction. Accordingly, the fourth Cromer factor weighs in favor of the imposition of a pre-filing injunction.

The undersigned concludes that each Cromer factor weighs in favor of the imposition of a pre-filing injunction upon Petitioner. The Court is further mindful that Petitioner is acting *pro se* and this Court should not limit his access to the courts "absent exigent circumstances." Cromer, 390 F.3d at 818. Exigent circumstances, however, exists based upon Petitioner's continuous and reputative abuse of the judicial process. Further, there is no indication that Petitioner's pattern of filing repetitive actions will cease in the future. Finally, a pre-filing injunction must be "narrowly tailored to fit the specific circumstances at issue." Cromer, 390 F.3d at 818. Accordingly, the undersigned respectfully recommends that the District Judge issue a pre-filing injunction to enjoin Petitioner from instituting new filings wherein Petitioner alleges that staff at FCI Beckley are

violating the following: (1) Petitioner's Eighth Amendment rights by subjecting him to "gang rule," "gang control," verbal harassment, and intimidation; (2) Petitioner's Eighth Amendment rights by denying him proper medical treatment for his glaucoma, a lower bunk pass, and prosthetic left ankle brace, right knee brace, right wrist brace and medical shoes; (3) Petitioner's First Amendment rights by denying him assess to the administrative remedy process, writing materials, and postage; (4) Petitioner's "religious rights" as a Native American under the First Amendment, the RFRA, and the RLUIPA; (5) Petitioner's due process rights under the Fourth Amendment by improperly searching his cell, subjecting him to pat downs, and filing "bogus" disciplinary charges resulting in the loss of prison privileges; (6) Petitioner's First Amendment rights by retaliating against him for filing grievances and Complaints; and (7) Petitioner's "rights" by allowing staff to use tobacco products on prison premises for non-religious reasons.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **ENTER** a pre-filing injunction enjoining Petitioner from instituting new filings wherein Petitioner alleges that staff at FCI Beckley are violating the following: (1) Petitioner's Eighth Amendment rights by subjecting him to "gang rule," "gang control," verbal harassment, and intimidation; (2) Petitioner's Eighth Amendment rights by denying him proper medical treatment for his glaucoma, a lower bunk pass, and prosthetic left ankle brace, right knee brace, right wrist brace and medical shoes; (3) Petitioner's First Amendment rights by denying him assess to the administrative remedy process, writing materials, and postage; (4) Petitioner's "religious rights" as a Native American under the First Amendment, the RFRA, and the RLUIPA; (5) Petitioner's due process rights under the Fourth Amendment by improperly searching his cell, subjecting him to pat downs, and filing "bogus"

disciplinary charges resulting in the loss of prison privileges; (6) Petitioner's First Amendment rights by retaliating against him for filing grievances and Complaints; and (7) Petitioner's "rights" by allowing staff to use tobacco products on prison premises for non-religious reasons; and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: November 30, 2021.



Omar J. Aboulhosn
United States Magistrate Judge