## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Petitioner,

v.                                            CIVIL ACTION NO. 5:21-cv-00367

WARDEN, FCI Beckley,

        Respondent,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Petitioner,

v.                                              CIVIL ACTION NO. 5:21-cv-00387

WARDEN, FCI Beckley,

        Respondent,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY

        Petitioner,

v.                                              CIVIL ACTION NO. 5:21-cv-00492

WARDEN, FCI Beckley,

        Respondent.

## **MEMORANDUM OPINION AND ORDER**

On October 21, 2021, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, submitted his Proposed Findings and Recommendations ("PF&R") in the above-captioned matters. [Case No. 367, Doc. 7; Case No. 387, Doc. 7; Case No. 492, Doc. 8]. On November 17, 2021, having received no objections, the Court consolidated the matters, adopted Magistrate Judge

Aboulhosn's PF&Rs, denied Plaintiff's motions for preliminary injunction and temporary restraining order, denied the Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2241, and ordered the cases remain referred to Magistrate Judge Aboulhosn to consider the suitability of issuing a pre-filing injunction. [Doc. 9].

The Court received objections to the PF&Rs dated November 30, 2021. [Docs. 15, 16, 17]. Mr. Feather-Gorbey contends he did not receive the PF&Rs until that same date. [Doc. 15 at 1; Doc. 16 at 1; Doc. 17 at 2]. Prior to the Court's consideration of the objections, Mr. Feather-Gorbey filed a motion to reconsider the Court's Order adopting the PF&Rs, which the Court construes as a motion filed under Rule 60 of the *Federal Rules of Civil Procedure*. [Doc. 19]. On December 27, 2021, the Court received a Notice of Appeal in this matter. [Doc. 23]. Pursuant to Rule 4 of the *Federal Rules of Appellate Procedure*, if a party files a notice of appeal after the Court's judgment but before it disposes of a motion for relief of a judgment under Rule 60 of the *Federal Rules of Civil Procedure*, the District Court may adjudicate the motion to reconsider, and the "notice [of appeal] becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." F.R.A.P. 4(a)(4)(A)(vi), 4(a)(4)(B)(i) (2021). *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 59-61 (1982) (noting the 1979 Amendments to the *Federal Rules of Appellate Procedure* "in order to prevent unnecessary appellate review, [gave] the district court . . . express authority to entertain a timely motion to alter or amend the judgment . . . even after a notice of appeal had been filed."). Therefore, the Court will adjudicate the motion to reconsider in light of Mr. Feather-Gorbey's objections.

## I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court is required to screen all cases in which a prisoner seeks to proceed In Forma Pauperis ("IFP"), and the Court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court undertakes similar screening when the inmate seeks relief from a governmental entity or a governmental entity's officers or employees. 28 U.S.C. § 1915A(b).

A Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241 considers whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges,* 423 U.S. 19, 21 (1975). A Section 2241 petition is used to challenge the manner in which a sentence is executed, not conditions of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 487 (1973).

II.

Mr. Feather-Gorbey first contends his Section 2241 Petition raises a cognizable challenge to the subject disciplinary proceedings. He further states that he is actually innocent of possession of contraband because he possessed tobacco for religious purposes as permitted by Bureau of Prisons policy, and such disciplinary action constitutes religious discrimination. [Doc. 15]. As punishment, Mr. Feather-Gorbey alleges he lost telephone and email privileges. [Case No. 367, Doc. 2 at 6-7]. His objections state he also lost good time credit, but this was not presented in his Petition. [Doc. 17]. Magistrate Judge Aboulhosn recommended the challenge to his disciplinary action be dismissed, as Mr. Feather-Gorbey's Petition challenges the conditions of confinement. [Case No. 367, Doc. 7 at 3].

The BOP has promulgated rules for inmate discipline. *See* 28 C.F.R. § 541.10, *et seq*. Challenges to such disciplinary procedures may be brought in a Section 2241 Petition so long as those challenges allege a violation of due process under the United States Constitution and have been properly exhausted through the administrative process. *See Preiser,* 411 U.S. at 487; *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). Mr. Feather-Gorbey does not allege he was denied due process in the prison disciplinary proceeding; rather, he alleges his conduct did not warrant sanctions. Even so, his Petition only states he was deprived telephone and email privileges, which do not affect the fact or length of confinement and are merely conditions of confinement. Similarly, his First Amendment challenge is not cognizable under Section 2241, as this also relates to conditions of confinement.

While Mr. Feather-Gorbey's objections state he lost fourteen days of good time resulting from the subject disciplinary action, his Petition fails to include this allegation. In fact, in the form-petition under the section titled, "Decision or Action You Are Challenging," Mr.

Feather-Gorbey checked the box labeled "Disciplinary proceedings," yet did not check the box labeled "How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, *revocation or calculation of good time credits*)." [Case No. 367, Doc. 2 at 2 (emphasis added)]. If Mr. Feather-Gorbey did lose good time credits because of this disciplinary proceeding, the assertion is presented for the first time in his objections; he should have moved to amend the Petition if he wished to seek relief on such grounds.

As the Petition is presented, however, Mr. Feather-Gorbey's claims are not properly cognizable through a Section 2241 Petition. Accordingly, Mr. Feather-Gorbey's objection on this issue is **OVERRULED.**

Mr. Feather-Gorbey asserts the Court colluded with prison staff to withhold mail and postage, impeding his access to the courts. [Docs. 15, 16, 17]. He further contends Magistrate Judge Aboulhosn is biased and "simply devised a way to recommend dismissal to shut Gorbey out of Court to retaliate and deny Gorbey reliefs [sic] for filing complaints." [Doc. 17 at 2]. The Court has previously addressed Mr. Feather-Gorbey's allegations of bias and collusion on the part of both Magistrate Judge Aboulhosn and the undersigned in a separate civil action. [Civil Action No. 5:21-cv-91, Docs. 81 and 82]. Here, as in the previous civil actions, Mr. Feather-Gorbey has not pointed to any extrajudicial source of bias or prejudice on the part of either member of the Court. Instead, as before, his contentions arise from his disagreement with the Magistrate Judge's PF&Rs. Mere disagreement with a judicial officer does not arise to the level of bias or prejudice against the litigant. *See Belue v. Leventhal,* 640 F.3d 567, 572 (4th Cir. 2011); *Liteky v. United States,* 510 U.S. 545, 545-551 (1994). For this reason, Mr. Feather-Gorbey's objections on these issues are **OVERRULED.**

Mr. Feather-Gorbey reasserts the claims contained within one of his Petitions,

[Case No. 492, Doc. 1], that he suffered a physical assault at FCI Beckley, and he is denied medical treatment; additionally, he claims this Court unjustly denied him habeas relief for this incident, both in this action and the motions filed in previous actions. [Doc. 15]. Mr. Feather-Gorbey's allegations of assault while incarcerated are related to his conditions of confinement, not the fact or length of his sentence. Thus, a Section 2241 Petition is not a proper mechanism to bring his challenges. Based upon this discussion, Mr. Feather-Gorbey's objections on these issues are **OVERRULED.**

Mr. Feather-Gorbey asserts the Court should have converted the Petitions to some proper form for relief if he is not entitled to relief under a Section 2241 Petition. [Doc. 16]. Indeed, the Court must construe *pro se* filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). The Court should not deny a *pro se* litigant relief for mere technical deficiencies in his pleadings. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, the Court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett*, 775 F.2d at 1277. Even the most liberal view of Mr. Feather-Gorbey's filings could not allow this Court to convert a Section 2241 Petition into some other form of relief. The purpose of habeas corpus relief under Section 2241 is to provide relief when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," not to recover monetary damages relating to such violations as might be obtained in a civil rights action. *See* 28 U.S.C. § 2241. *See generally Heck v. Humphrey,* 512 U.S. 477, 480 (1994) (analyzing the difference in scope and operation of federal civil rights statute from federal habeas corpus statute).

Mr. Feather-Gorbey is particularly litigious. In addition to the three above-captioned matters, Mr. Feather-Gorbey has filed three additional Section 2241 Petitions, which

remain pending. *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden.,* Civil Action No. 5:21-cv-00583; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden,* 5:22-cv-00007; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden et al.,* 5:22-cv-00022. He filed one civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq. See (Chief) Col. Michael S. Owl Feather-Gorbey v. United States of America,* Civil Action No. 5:21-cv-00210. He has filed eight separate civil actions pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See (Chief) Col. Michael S. Owl Feather-Gorbey v. Brown et al.,* Civil Action No. 5:21-cv-00091; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Smith et al.,* Civil Action No. 5:21-cv-00209; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Manning et al.,* Civil Action No. 5:21-cv-00270; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Vest et al.,* Civil Action No. 5:21-cv-00354; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Young et al.,* Civil Action No. 5:21-cv-00373; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Morris et al.,* Civil Action No. 5:21-cv-00395; *(Chief) Col. Michael S. Owl Feather-Gorbey v. U.S. Attorney General, et al.,* Civil Action No. 5:21-cv-00593; *(Chief) Col. Michael S. Owl Feather-Gorbey v. Williams et al.,* 5:21-cv-00673. Given Mr. Feather-Gorbey's experience in this Court alone, it is clear he is not properly characterized as the paradigmatic *pro se* litigant.

Notably, Mr. Feather-Gorbey's Complaints and Petitions share many common allegations, most of which have been dismissed during the Court's initial screening under 28 U.S.C. § 1915A. Mr. Feather-Gorbey has alleged similar claims across various types of civil actions; therefore, he demonstrates capacity beyond the typical *pro se* litigant to bring his claims in whatever form he believes may be most meritorious. For the reasons stated, Mr. Feather-Gorbey's objections on this issue are **OVERRULED.**

## III.

Based upon the foregoing discussion, the Court **ORDERS** Mr. Feather-Gorbey's objections to the PF&Rs in these consolidated actions are **OVERRULED**. [Docs. 15, 16, 17]. Mr. Feather-Gorbey's Motion to Reconsider [Doc. 19] is **DENIED**. There is no basis to disturb the disposition reached in the Memorandum Opinion and Order of November 17, 2021. [Doc. 9].

The Court directs the Clerk to transmit a copy of this written Opinion and Order to the Clerk of Court for the Court of Appeals for the Fourth Circuit, any counsel of record, and any unrepresented party herein.

ENTER: January 18, 2022

Frank W. Volk
United States District Judge